Matthew D. Braukmann
BRAUKMANN LAW, PLLC
993 S. 24th St. W., Suite C
Billings, MT 59102
Tel: (406) 606-1650
Fax: (406) 578-0390
matt@braukmannlaw.com

*Attorney for Plaintiff Justin Cowger*

## MONTANA FOURTEENTH JUDICIAL DISTRICT, MUSSELSHELL COUNTY

| | |
|---|---|
| JUSTIN COWGER | Cause No. DV- 21-17 |
| Plaintiff, | District Judge: Randal I. Spaulding |
| vs. | |
| SIGNAL PEAK ENERGY, a Montana Corporation | **FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Justin Cowger, ("Plaintiff" or "Mr. Cowger"), by and through his Counsel of Record, hereby states, alleges, and avers against Defendant Signal Peak Energy ("Defendant") as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is Justin Cowger, and is represented by Braukmann Law, PLLC. Mr. Cowger is, and at all times relevant hereto was, a resident of Billings, MT. He currently resides in Tuscaloosa, AL.

3

2. Defendant is Signal Peak Energy, a foreign corporation with principal operations in Montana. Signal Peak Energy operates the Signal Peak Mine (the "Mine") near Roundup Montana, in Musselshell County, Montana.

3. The Court has jurisdiction over the parties, and the matters alleged herein, and the Thirteenth Judicial District Court in Musselshell County is the proper place of venue for this case to proceed.

## GENERAL ALLEGATIONS

1. Justin Cowger is a Billings native, who worked as a LW coordinator for the Mine since October 08, 2010.

2. Plaintiff completed his probationary period and was employed full time until his discharge.

3. On September 16, 2019, Justin arrived at work to start the day.

4. He was directed by and under the direct supervision of his supervisor, Dale Musgrave.

5. "Travis Gulick", "Dave Brown", and "Justin Cowger" were underground at the "longwall" inspecting a damaged pan line/shear for the Sigma Ride.

6. While Mr. Cowger was underneath the protective shield, coal gave way and the wall and part of the roof caved in, injuring Mr. Cowger severely.

7. Dave Brown threatened the hourly hands specifically "Travis Gulick" indicating if they told anyone they would lose their job. He also told Mr. Cowger that he

needed to state the injury happened at home and that he needed to protect the company.

8. It was the Mine's pattern and practice to hide legitimate workers' compensation injuries from MSHA and its work comp insurer.

9. Immediately after arriving home Mr. Cowger notified his supervisor "Dale Musgrave" of the incident that had happened.

10. "Dale Musgrave" threatened Mr. Cowger with termination and indicated that he must report that the accident happened at home. He indicated that this was something they could not have right now.  Mr. Musgrave was under FBI investigation at the time of the discharge.  Mr. Musgrave assured Plaintiff that Plaintiff would be "taken care of like the other guys."

11. Cowger performed his duties in an exemplary manner, receiving multiple promotions and pay raises during his tenure at the Mine.

12. Cowger advised Phil Stansell, HR director, of the accident, as Cowger was informed that failure to report an injury could trigger an MSHA investigation.

13. On 09/23/2019, Phil Stansell the Human Resources Director indicated that they do not question the incident and he did have a witness to the incident.

14. On March 27, 2020, Mr. Cowger was advised that he was terminated and instructed to leave the premises with only his belongings.  Plaintiff was never allowed to retrieve his personal effects from his office.

15. The Mine failed to provide notice of internal written procedures under which an employee may appeal a discharge as required by M.C.A. 39-2-911(3).

16. The Mine is responsible for the actions of its employees.

## COUNT I – WRONGFUL TERMINATION (including PUNITIVE DAMAGES)

17. Plaintiff restates and realleges the previous allegations as if fully set forth herein.

18. Plaintiff's discharge from employment was wrongful under M.C.A 39-2-904 because (1) his discharge was without good cause, (2) the Mine violated the express provisions of its own written personnel policy, and (3) his discharge was in retaliation for failure to violate public policy or for reporting the public policy violation.

19. Plaintiff is entitled to 4 years actual wage loss, as well as an award of punitive damages under M.C.A. 39-2-905 because Defendant engaged in actual malice or actual fraud in the discharge of Plaintiff in violation of 39-2-904(1)(a).

20. Despite Plaintiff's accident, the Employer and its insurer denied Plaintiff's workers' compensation claim, which resulted in collection activity against Plaintiff.

21. The Mine lacked a legitimate business reason for the discharge.

22. The Mine's pattern and practice of threatening employees to not report legitimate workplace injuries constitutes a violation of public policy.

23. Upon information and belief, the Mine, through its employees, was criminally charged for threatening its employees with termination if they reported a work comp claim.

**WHEREFORE, Plaintiff prays for judgment for his damages as follows:**

(i)   For special and general damages as are fair and reasonable;

(ii)  For past and future medical care costs, past and future economic loss, pain and suffering, loss of course of life, and other financial and non-financial losses as proven at trial;

(iii) For Plaintiff's costs of suit and attorneys' fees incurred herein;

(iv) For pre- and post- judgment interest; and

(v) For such other further relief as the Court deems just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## OFFER TO ARBITRATE

Plaintiff hereby offers to arbitrate his wrongful discharge claim subject to the provisions imposed by M.C.A 39-2-914:

(a) A neutral arbitrator must be selected by mutual agreement or, in the absence of agreement, as provided in M.C.A. 27-5-211.

(b) The arbitration must be governed by the Uniform Arbitration Act, Title 27, Chapter 5. If there is a conflict between the UAA and the WDEA, then the WDEA applies.

(c) The arbitrator is bound by the WDEA.

Pursuant to M.C.A. 39-2-914, Defendant must accept or reject this offer in writing within 30 days. If Defendant accepts the offer, arbitration is the exclusive remedy for the wrongful discharge claim and Plaintiff cannot pursue that claim in federal or state court. The arbitrator's award on that claim will be final and binding, subject to review under the UAA. If Plaintiff prevails in arbitration, Plaintiff will be entitled to have the arbitrator's fee and all costs of arbitration paid by Defendant. Additionally, if Defendant rejects the offer to arbitrate and Plaintiff prevails in this action, he will be entitled as an element of costs his reasonable attorneys' fees incurred subsequent to that date.

DATED this 26th day of MARCH, 2021.

                    BRAUKMANN LAW, PLLC

                    By *(signature)*
                    MATTHEW D. BRAUKMANN
                    993 S. 24th St. W., Suite C
                    Billings, MT  59102
                    Tel:   (406) 606-1650
                    Fax:  (406) 578-0390
                    matt@braukmannlaw.com

                    Attorneys for Plaintiff